```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
KISMET PRODUCTS, INC.,                    :   CASE NO. 1:08-mc-00014
                                          :
           Plaintiff,                     :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Doc. No. 1.]
HCC BENEFITS CORP., et al.                :
                                          :
           Defendants.                    :
                                          :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 28, 2008, Bankruptcy Judge Pat E. Morgenstern-Clarren filed proposed findings of fact and conclusions of law in a non-core proceeding between Kismet Products, Inc. ("Kismet") and Travelers Casualty and Surety Company of America ("Travelers") (among other defendants). [Doc. 1.] With its bankruptcy action, Kismet sought various forms of relief, including a declaratory judgment that Defendant Travelers is required to defend, indemnify, and reimburse Kismet as to the employee medical benefit claims filed in Kismet's bankruptcy case. Defendant Travelers counterclaimed requesting the opposite declaration. Judge Morgenstern-Clarren's proposed findings of fact and conclusions of law address these two parties' cross motions for summary judgment.

The Court held a status conference via telephone with the parties on February 26, 2008. [Doc. 3.] At that status conference, the parties represented to the Court that they did not intend to file objections to Judge Morgenstern-Clarren's proposed findings of fact and conclusions of law and that therefore the Court need not establish a briefing schedule to allow the parties the opportunity to

-1-

Case No. 1:08-mc-00014
Gwin, J.

present argument regarding her recommendation.

For the reasons described below, this Court now **ADOPTS** Bankruptcy Judge Morgenstern-Clarren's proposed findings of fact and conclusions of law.

As Travelers did not consent to an entry of final judgment in the case by the Bankruptcy Judge, Bankruptcy Judge Morgenstern-Clarren entered the proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1). That provision states:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). *See also* FED. R. BANKR. P. 9033(b) (generally allowing ten days for parties to file objections).

Absent any objections from the parties, the Court will adopt the Bankruptcy Judge's proposed findings and conclusions. Moreover, having conducted its own review of the parties' summary judgment briefs, this Court agrees with the conclusions of the Bankruptcy Judge.

Bankruptcy Judge Morgenstern-Clarren found that the policy at issue does not cover the unreimbursed medical expenses of individuals who participated in Kismet's benefits plan. [Doc. 1 at 5-13.] Specifically, she first found that Travelers does not have a duty to defend or pay with regard to Kismet's liability to its former employees under the employment practices liability portion of the policy. *Id.* at 5-7. Second, she concluded that Travelers does not have such a duty under the fiduciary duty coverage either. *Id.* at 7-13. As such, the Bankruptcy Judge recommends that this Court enter summary judgment in favor of Travelers. *Id.* at 13.

Case No. 1:08-mc-00014
Gwin, J.

The Court, having reviewed the Bankruptcy Judge's findings and in the absence of any objection from the parties, adopts in whole Bankruptcy Judge Morgenstern-Clarren's findings of fact and conclusions of law and incorporates them fully herein by reference.

Thus, the Court **DENIES** Plaintiff Kismet's motion for summary judgment against Travelers and **GRANTS** Defendant Travelers's motion for summary judgment.

IT IS SO ORDERED.


Dated: April 22, 2008            s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE